# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 11, 2003

### STATE OF TENNESSEE v. JOHNNIE C. WEEMS

### Direct Appeal from the Circuit Court for Robertson County
### No. 01-0202      Michael R. Jones, Judge

---

### No. M2002-01857-CCA-R3-CD - Filed March 27, 2003

---

The defendant, Johnnie C. Weems, pled *nolo contendere* to three separate counts of Class C felony vehicular homicide, was sentenced as a Range I standard offender to five years on each count to run concurrently, and was denied alternative sentencing. On appeal, he contends the sentences are excessive and the trial court erred in denying alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Roger Eric Nell, District Public Defender, for the appellant, Johnnie C. Weems.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and B. Dent Morriss, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was indicted on alternative counts of vehicular homicide as the proximate result of conduct creating a substantial risk of death and vehicular homicide by intoxication after an automobile accident on June 25, 1999, in which three passengers in the defendant's vehicle were killed. *See* Tenn. Code Ann. § 39-13-213(a)(1), (2). The defendant subsequently entered a plea of *nolo contendere* to three counts of vehicular homicide as the proximate result of conduct creating a substantial risk of death.[1] *Id.* § 39-13-213(a)(1). After conducting a sentencing hearing, the trial

---

[1]Although neither the presentence report nor the testimony at the sentencing hearing reveals the extent to which the defendant had consumed alcohol, one of the defendant's motions in the technical record indicates that the TBI laboratory report reflected a .14% blood alcohol content. We place no reliance upon this reading as it appears from the technical record that the sample may have been destroyed prior to any charges against the defendant.

court sentenced the defendant to concurrent sentences of five years on each count and denied alternative sentencing. This appeal ensued.

A transcript of the *nolo contendere* proceeding is not included in the record. Ordinarily, this results in a waiver of all sentencing issues. *See* State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). However, stipulated facts were set forth in the written plea and were made a part of the record. We believe the record is sufficient to allow for adequate appellate review.

## BACKGROUND

On June 25, 1999, the defendant and four of his friends "spent the evening together, partying, and visiting other friends and places in Nashville and Clarksville, Tennessee." Although neither the defendant nor the other surviving passenger has any recollection of the accident, the evidence indicated that the defendant was the driver of the vehicle. The vehicle passed a semi-trailer truck on I-24. The truck driver was exceeding the speed limit and stated the defendant's vehicle "passed him as if he were standing still." The indictment alleges the defendant was driving approximately 100 miles per hour. The defendant's vehicle then proceeded off the road where it struck three separate trees. As a result of the violent impacts, three of the passengers were killed. One of these victims was "cut in half, apparently by the seatbelt."

The presentence report indicates that the twenty-two-year-old defendant has a tenth grade education and sporadic work history. He had two prior DUI convictions and was on probation for one of those convictions at the time of this accident. He also had a history of cocaine use, including the use of cocaine two months prior to the sentencing hearing.

The trial court applied enhancement factor (1), the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. *See* Tenn. Code Ann. § 40-35-114(1) (1997).[2] Although the defendant contends the trial court applied enhancement factors (8), the defendant has a previous history of unwillingness to comply with conditions of a sentence involving release in the community, and (13), this felony was committed while the defendant was on probation from a prior felony, *see id.* § 40-35-114(8), (13), we conclude otherwise. After the trial court mentioned their possible application, it then stated: "I could say that 8 and 13 enhancement factors apply, but I believe I'm applying Subsection 1, which is basically the same thing."[3] The trial court also applied mitigating factor 13, any other factor consistent with the purposes of this chapter, because of the defendant's unfortunate childhood. *See id.* § 40-35-113(13).

---

[2] The Code was amended in 2002, and the factors were renumbered. Our references are to the 1997 version of the Code.

[3] Factor (8) is not applicable because commission of the present offenses while on probation is not a "previous history of unwillingness." *See* State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995). Factor (13) is also inapplicable since the defendant was on misdemeanor, not felony, probation when the present offenses were committed. *See* State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995).

**STANDARD OF REVIEW**

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. *Id.* § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The court should also examine the defendant's potential for rehabilitation or lack thereof when considering whether alternative sentencing is appropriate. Tenn. Code Ann. § 40-35-103(5). Sentencing issues must be decided in light of the unique facts and circumstances of each case. *See* State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

**LENGTH OF SENTENCES**

The defendant first contends the trial court erred by finding his DUI conviction on January 31, 2002, which was after the present crime but before sentencing, constituted a previous conviction within the meaning of enhancement factor (1). *See* Tenn. Code Ann. § 40-35-114(1). He acknowledges there are numerous cases in which this court has held that previous convictions under enhancement factor (1) include convictions which were obtained after the crime in question but prior

to sentencing. *See, e.g.,* State v. William E. Gothard III, No. 03C01-9707-CR-00290, 1999 Tenn. Crim. App. LEXIS 609, at *15 (Tenn. Crim. App. June 22, 1999, at Knoxville), *perm. to app. denied* (Tenn. 1999); State v. John Allen Chapman, No. 01C01-9604-CC-00137, 1997 Tenn. Crim. App. LEXIS 950, at **66-67 (Tenn. Crim. App. Sept. 30, 1997, at Nashville), *perm. to app. denied* (Tenn. 1998). We decline the defendant's invitation to reject and overrule our prior holdings. In addition to the questioned DUI conviction, the defendant also had another DUI conviction and admitted to the use of cocaine. Even though the defendant was not convicted of a cocaine offense, this court can still consider this as prior criminal conduct under enhancement factor (1). *See* State v. Carico, 968 S.W.2d 280, 287-88 (Tenn. 1998). The trial court properly applied enhancement factor (1).

We further note that although the trial court did not apply enhancement factor (10), the defendant had no hesitation about committing the crime when the risk to human life was high, it could have. *See* Tenn. Code Ann. § 40-35-114(10). This factor may be applied where those who are not named victims of a crime are at risk. *See* State v. Imfeld, 70 S.W.3d 698, 707 (Tenn. 2002). One of the defendant's passengers was not a named victim and survived the accident.

The range of punishment for a standard offender for Class C felony vehicular homicide is from three to six years. *See* Tenn. Code Ann. § 40-35-112(a)(3). Enhancement factor (1) is entitled to great weight. The trial court did not err in imposing sentences of five years for each conviction.

## ALTERNATIVE SENTENCING

In denying alternative sentencing, the trial court found that the defendant had a long history of criminal conduct. *See* Tenn. Code Ann. § 40-35-103(1)(A). It also noted the seriousness of these offenses, which involved the loss of life to three people. *See id.* § 40-35-103(1)(B). It further noted that the defendant had previously engaged in similar criminal behavior as evidenced by his prior DUI conviction. *See* State v. Hooper, 29 S.W.3d 1, 12 (Tenn. 2000) (holding court may examine whether the defendant has previously engaged in criminal conduct of the same type as the offense in question in determining whether incarceration is necessary for specific deterrence of the individual defendant). Further, the trial court noted that less restrictive measures had proven ineffective to deter the defendant's criminal acts. *See* Tenn. Code Ann. § 40-35-103(1)(C). Finally, the court concluded that the defendant had not exhibited positive potential for rehabilitation. *See id.* § 40-35-103(5). All of these factors were properly considered by the trial court. The trial court did not err in denying alternative sentencing.

## CONCLUSION

Based upon our review of the record, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE